UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT MILLER,

                Plaintiff,

                              CIVIL CASE NO. 04-40302

v.

TOWNSHIP OF METAMORA,           HONORABLE PAUL V. GADOLA
                                                        U.S. DISTRICT COURT
                Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S TITLE VII AND RETALIATION CLAIMS

Plaintiff Robert Miller first filed suit in this case against Defendant Township of Metamora on October 19, 2004. On February 23, 2006, the parties held a final pretrial conference before the Court. At the conference, Defendant objected to two contentions made by Plaintiff in the "Plaintiff's Claims" section of the Joint Final Pretrial Order, where Plaintiff alleged the viability of a retaliation claim and a Title VII claim. After the Court requested that the parties submit briefs supporting their respective positions, Defendant filed its "Motion to Strike Plaintiff's Title VII and Retaliation Claims." Plaintiff filed a response, and the Court held a hearing on Defendant's motion on March 1, 2006. For the following reasons, the Court will grant Defendant's motion to strike.

    **I.**    **Background**

Section 2 of the proposed Joint Final Pretrial Order, "Plaintiff's Claims," submitted jointly by both parties at the final pretrial conference, states the following:

> Plaintiff contends that he was discriminated against in violation of the Age Discrimination in Employment Act of 1967 (ADEA) when Defendant unilaterally and without notice, placed him on Medicare and thus entitling him to lesser benefits than a similarly situated younger employee. Plaintiff also contends that age was a determining or motivating factor in Defendant's decision to terminate Plaintiff.

> Plaintiff also contends that he was terminated in violation of Title VII of the Civil Rights Act of 1964. Plaintiff claims his termination was in retaliation for his engaging in protected activity when Plaintiff claimed that he was entitled to COBRA benefits and that the change of his insurance benefits was discriminatory. Plaintiff also contends that he was terminated in violation of due process and without sufficient notice, an opportunity to respond or a pre-termination hearing.

Thus, Plaintiff's contentions set out four distinct causes of actions. The first paragraph alleges a claim of age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). The second paragraph describes a claim for a violation of Title VII of the Civil Rights Act, a claim of retaliation, and a claim for a violation of due process. Defendant objected to the two sentences of the order concerned with the Title VII violation and the retaliation claim:

> Plaintiff also contends that he was terminated in violation of Title VII of the Civil Rights Act of 1964. Plaintiff claims his termination was in retaliation for his engaging in protected activity when Plaintiff claimed that he was entitled to COBRA benefits and that the change of his insurance benefits was discriminatory.

In its motion, Defendant argues that this portion of the Joint Final Pretrial Order should be stricken and Plaintiff barred from asserting the Title VII and retaliation claims in trial. In support, Defendant contends that neither of these two claims were expressly or impliedly pled in Plaintiff's Complaint. Defendant also argues that if the Court allows Plaintiff's claims to remain, Defendant would be prejudiced because it has been unable to take discovery on the unexpected claims, with the trial set to commence shortly on March 13, 2006.

In opposition, Plaintiff argues that the two claims should be retained because paragraphs 13 through 16 of the Complaint set out sufficient facts to support the claims. Plaintiff also notes that the Civil Cover Sheet attached with the complaint stated that Plaintiff was discriminated against due to his age and in retaliation. Because of this, Plaintiff argues that Defendant has had sufficient notice of the Title VII and retaliation claims. Plaintiff also requests, that if the Court deems it

necessary, that amendments to the pleadings be allowed by the Court.

**II.     Analysis**

In his Complaint, Plaintiff does not expressly plead a retaliation claim or a violation of Title VII.  Plaintiff's original Complaint lists three counts: Count I, a violation of the Michigan Whistleblowers' Protection Act, M.C.L. § 15.361 *et seq.*; Count II, a claim of age discrimination, brought under both state and federal law; and Count III, a claim of deprivation of a property interest in violation of state law and the Fourteenth Amendment of the United States Constitution.  In the language of the Complaint, Plaintiff did not expressly plead a retaliation claim or a claim under Title VII.  On October 27, 2004, the Court issued an order of partial dismissal, declining to exercise supplemental jurisdiction over the state law claims and dismissing Plaintiff's state law claims without prejudice.  In so doing, all of Count I and those parts of Counts II and III dealing with state law were dismissed.  Therefore, the only explicit claims that remained after the Court's order of partial dismissal were a claim alleging age discrimination under the ADEA and a claim alleging a violation of constitutional due process.

The Court also finds that Plaintiff did not implicitly plead a retaliation claim or a Title VII claim.  Plaintiff argues that the alleged facts of the Complaint and the language of the Civil Cover Sheet should have put Defendant on notice of the additional claims.  The Court disagrees.  The language of the Civil Cover Sheet does not make up part of the pleadings, and Defendant cannot be expected to infer all of Plaintiff's potential claims and legal theories from its language.  Additionally, after the Michigan whistleblower claim was dismissed by the Court's Order, which is a claim similar to the retaliation claim, it was not reasonable for Defendant to infer that a separate claim for retaliation remained.  Furthermore, Plaintiff's allegation in paragraphs 13 through 16 do

not give Defendant sufficient notice of Plaintiff's potential retaliation and Title VII claims. Therefore, Plaintiff failed to sufficiently plead the claims for retaliation and violation of Title VII.

Finally, the Court finds that Defendant would be unduly prejudiced if the pleadings were now amended on the eve of trial to allow Plaintiff to bring his two additional claims. Defendant has not had an opportunity to take discovery or prepare for the two claims that Plaintiff has now sprung upon Defendant without sufficient notice.

### III.    Conclusion

For the reasons stated above, the Court finds that Plaintiff has not sufficiently plead a retaliation claim or a Title VII claim, and that Plaintiff should not be permitted to amend his pleadings.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion to strike [docket entry 15] is **GRANTED**. The following language is considered stricken from the joint final pretrial order:

> Plaintiff also contends that he was terminated in violation of Title VII of the Civil Rights Act of 1964. Plaintiff claims his termination was in retaliation for his engaging in protected activity when Plaintiff claimed that he was entitled to COBRA benefits and that the change of his insurance benefits was discriminatory.

For trial starting March 13, 2006, only the age discrimination claim and the due process claim remain.

**SO ORDERED.**

Dated:  March 6, 2006                                              s/Paul V. Gadola
                                                                                     HONORABLE PAUL V. GADOLA
                                                                                     UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   March 6, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                         Phillip B. Maxwell; Robert J. Seibert                 , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                              .

                                                    s/Ruth A. Brissaud
                                                    Ruth A. Brissaud, Case Manager
                                                    (810) 341-7845